ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
MAR - 6 2006
U.S. COURT OF FEDERAL CLAIMS

DAVID SUNSHINE

Plaintiff,

v.

UNITED STATES OF AMERICA

Defendant.

No. 06-169 T

**COMPLAINT**

1. Plaintiff David Sunshine is a citizen of the United States and resides at 5728 S. Galena Street, Greenwood Village, Colorado 80110. His social security number is 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.

2. Defendant is the United States of America.

3. This is an action under the Internal Revenue Code of 1986, as amended (the "**IRC**"), for the recovery of tax penalties and related interest erroneously and illegally assessed and collected from the Plaintiff.

4. This Court has jurisdiction by reason of 28 U.S.C. § 1491(a)(1) and 26 U.S.C. 7422.

5. On or about April 15, 2001, the Internal Revenue Service applied $31,696 of Plaintiff David Sunshine's tax refund from the year 2000 to the amount of unpaid federal employment taxes (the "**Payroll Taxes**") due from Interstate Sweeping, Ltd. ("**Interstate**") for the calendar quarters ending on June 30, 1999, September 30, 1999 and December 31, 1999.

6. On or about November 14, 2003, the Defendant assessed against the Plaintiff a penalty under IRC § 6672 for the Payroll Taxes.

7. On or about July 21, 2005, Plaintiff David Sunshine filed a claim for refund with the Internal Revenue Service at Austin, Texas, for $31,696. A true and correct copy of this claim for refund is attached hereto as Exhibit A.

8. To date, no correspondence has been received from the Internal Revenue Service with respect to David Sunshine's claim for refund for $31,696.

9. On February 11, 1999, Interstate filed a bankruptcy petition in the United States Bankruptcy Court, District of Colorado, under Chapter 11 of the Bankruptcy Code.

10. Over the next several months, Interstate made numerous contacts with multiple lenders and investment groups in an effort to obtain the maximum value for Interstate and its assets.

11. The only party who was able to come to the table with any concrete discussion and with the capital to back up the discussion was Sweepco, LLC (**"Sweepco"**).

12. During the months of March, April and May of 1999, Interstate and Sweepco engaged in a number of discussions and negotiations relating to Sweepco's financing of Interstate and eventual acquisition of Interstate pursuant to the Plan of Reorganization.

13. On or about June 7, 1999, co-proponents Interstate and Sweepco filed the Interstate Sweeping, Ltd., IG Services Group, LLC and Sweepco, LLC Joint Plan of Reorganization (the **"Initial Plan**) in the Bankruptcy Court.

14. To the best knowledge and belief of the Plaintiff, the Defendant, through the Assistant U.S. Trustee, received notice that the Initial Plan was filed and a copy of the same.

15. On June 23, 1999, the Disclosure Statement to Interstate Sweeping, Ltd., IG Services Group, LLC and Sweepco, LLC Joint Plan of Reorganization (the **"Initial Disclosure Statement"**) was filed with the Bankruptcy Court.

16. To the best knowledge and belief of the Plaintiff, the Defendant, through the Assistant U.S. Trustee, received notice that the Initial Disclosure Statement was filed and a copy of the same.

17. At the time the Initial Disclosure Statement was filed, Sweepco was a Colorado limited liability company whose three members were James R. Hill, Richard S. Frary, and Joel A. Macl.

18. At the time the Initial Disclosure Statement was filed, Sweepco was to contribute capital to Interstate, in exchange for ownership of Interstate (the "**Reorganized Interstate**"), in an amount sufficient to pay the administrative claims incurred during the Chapter 11 proceeding, the initial payments to the secured creditors called for under the Plan of Reorganization, the sums necessary to cure and assume the executory contracts and unexpired leases which are not rejected under the Plan of Reorganization, the sums committed under the Plan of Reorganization to be paid to the classes of unsecured creditors and additional working capital up to the amount of $300,000 to allow the Reorganized Interstate to continue its operations.

19. The claim for the Payroll Taxes was a component of the administrative claims incurred during the Chapter 11 proceeding.

20. As a condition to providing the necessary capital for the Reorganized Interstate and in anticipation of obtaining control of the Reorganized Interstate upon confirmation of the Plan of Reorganization, Sweepco required and obtained from Interstate control over the financial affairs of Interstate.

21. Sweepco assigned Larry Nelson to serve as Interstate's acting chief executive officer and Jim Mogen to serve as Interstate's acting chief financial officer.

22. Sweepco and its agents exercised control over the financial affairs of Interstate, beginning prior to September 30, 1999, and continuing throughout the remainder of the bankruptcy proceeding (the "**Control Period**").

23. During the Control Period, Larry Nelson and Jim Mogen, along with James Hill, a member of Sweepco, made all decisions as to what bills should be paid and when.

24. During the Control Period, Sweepco and its agents had total control over the Interstate checkbook and directed the preparation of all checks to pay Interstate bills.

25. Sweepco and its agents used stamps of Mr. Sunshine's signature to stamp his signature on checks without Mr. Sunshine's review of such checks.

26. During the Control Period, Mr. Sunshine was directed not to prepare or sign any checks.

27. Because Sweepco had financial control of Interstate during the Control Period, Sweepco and its agents had final word as to what bills should and should not be paid.

28. The Plaintiff was not a person required to collect, truthfully account for, and pay over the Payroll Taxes for the calendar quarters referenced in paragraph 5.

29. Due to Sweepco's control over the financial affairs of Interstate, Mr. Sunshine did not make a voluntary, conscious and intentional decision to prefer other creditors over the government during the relevant calendar quarters.

30. Because control of the financial affairs of Interstate was relinquished to the co-proponent of the Plan that was to purchase Interstate, Mr. Sunshine did not show a reckless disregard of a known or obvious risk that the taxes may not be remitted to the government.

31. The Fourth Amended Disclosure Statement to Interstate Sweeping, Ltd., IG Services Group, LLC and Sweepco, LLC Fifth Amended Joint Plan of Reorganization (the "**Amended Disclosure Statement**") was filed with the Bankruptcy Court on December 29, 1999.

32. To the best knowledge and belief of the Plaintiff, the Defendant, through the Assistant U.S. Trustee, received notice that the Amended Disclosure Statement was filed and a copy of the same.

33. On December 29, 1999, the Fifth Amended Joint Plan of Reorganization of Interstate Sweeping, Ltd., IG Services Group, LLC and Sweepco, LLC (the "**Confirmed Plan**") was filed with the Bankruptcy Court.

34. To the best knowledge and belief of the Plaintiff, the Defendant, through the Assistant U.S. Trustee, received notice that the Confirmed Plan was filed and a copy of the same.

35. By a letter dated February 17, 2000, Sweepco represented to the Internal Revenue Service that the Reorganized Interstate would pay the Payroll Taxes and that Internal Revenue Service approval of the Plan was necessary for confirmation of the Plan.

36. A meeting was held with the Internal Revenue Service on February 22, 2000, regarding the Payroll Taxes. In a letter delivered to the Internal Revenue Service later that day, Sweepco set forth its proposal in full settlement of the Payroll Taxes.

37. By letter dated February 23, 2000, the Internal Revenue Service confirmed that it did not object to the provision for its priority claim in the Confirmed Plan.

38. Sweepco's obligation to pay the Payroll Taxes and the Internal Revenue Service's rights upon default of such payment were set forth in the Confirmed Plan and provided the Internal Revenue the right to proceed against the Reorganized Interstate.

39. By letter dated February 24, 2000, Sweepco clarified that the Reorganized Interstate has the obligation to file returns and pay taxes and its default triggers the default provisions of the Confirmed Plan, which letter was signed by Mara Eckhardt of the Internal Revenue Service to confirm the Internal Revenue Service's acceptance of the Confirmed Plan.

40. The Plaintiff would not have agreed to the terms of the Confirmed Plan had not complete payment of the Payroll Taxes been incorporated.

41. The Confirmed Plan, as re-submitted on March 2, 2000, was confirmed by the Bankruptcy Court, effective March 2, 2000.

42. The Reorganized Interstate defaulted on its payments to the Internal Revenue Service only two months after the Confirmed Plan was confirmed.

43. The Internal Revenue Service sent numerous default notices to the Reorganized Interstate relating to payments required under the Confirmed Plan.

44. To the best knowledge and belief of the Plaintiff, the Internal Revenue Service failed to file a notice of federal tax lien or take any other actions to protect its interests.

45. To the best knowledge and belief of the Plaintiff, the Reorganized Interstate, after defaulting on the payments required under the Confirmed Plan, transferred most of its performing assets to another entity under the control of Mr. Hill.

46. By ensuring that payment of the Payroll Taxes was provided for in the Confirmed Plan and that the Internal Revenue Service had the ability to protect its interests, the Plaintiff made reasonable efforts to protect the trust funds.

47. The Plaintiff's efforts were frustrated by circumstances outside of his control because he had no ownership interest in the Reorganized Interstate.

48. The Internal Revenue Service erroneously determined that the Plaintiff was a person required to collect, truthfully account for, and pay over the Payroll Taxes for the periods referenced in paragraph 5.

49. The Internal Revenue Service erroneously determined that the Plaintiff acted willfully as required by IRC § 6672.

50. The Plaintiff is exempt from application of IRC § 6672 because the Plaintiff took all actions necessary to ensure that the Payroll Taxes would be paid under the Confirmed Plan, the Internal Revenue Service did not object to the Confirmed Plan, and the Internal Revenue Service failed to take even minimal action to protect its interest, which it had complete authority to do.

51. The assessment and collection of the above-described penalties under IRC § 6672 was erroneous and illegal.

52. The Plaintiff is not subject to the penalties under IRC § 6672 for the Payroll Taxes for the calendar quarters referenced in paragraph 5 and is entitled to a refund of all amounts paid by or collected from the Plaintiff and applied against such penalties, plus interest thereon as provided by law.

53. No action on the claim for refund attached as Exhibits A has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

54. Plaintiff is the sole owner of the claims included in Exhibits A and asserted herein, and has made no assignment thereof.

Wherefore, Plaintiff David Sunshine demands judgment in his favor in the amount of $31,696, or such other amount as may be legally refundable, plus interest and costs allowed by law, abatement of the remainder of the penalties assessed against the Plaintiff, and such other and further relief as the Court may deem just and appropriate, including Plaintiff's costs and attorneys' fees.

**DATED**: March 3, 2006

Respectfully submitted,

Theodore Z. Gelt

GELT & GRASSGREEN P.C.
303 East 17th Avenue, Suite 910
Denver, Colorado 80203
Telephone: (303) 830-1200
Facsimile: (303) 830-9400

ATTORNEY FOR PLAINTIFF

Form **843** (Rev. November 2002) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

OMB No. 1545-0024

▶ See separate instructions.

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*
*Do not use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Name of claimant: David Sunshine
Your SSN or ITIN: 523 : 02 : 5582
Address (number, street, and room or suite no.): 5728 S. Galena Street
Spouse's SSN or ITIN:
City or town, state, and ZIP code: Greenwood Village, CO 80111
Employer identification number (EIN):
Name and address shown on return if different from above
Daytime telephone number: ( )

1 Period. Prepare a separate Form 843 for each tax period
From 01 / 01 / 2000 to 12 / 31 / 2000
2 Amount to be refunded or abated $ 31,696

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty—IRC section ▶ 6672
b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
b Dates of payment ▶

5 Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

The penalty for this period, and all other periods assessed against Mr. Sunshine, should be abated because he was not a responsible person of the taxpayer-corporation.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[signature] 7/20/05
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

EXHIBIT A

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions. Form 843 (Rev. 11-2002)

O:TAX/Sunshine/Form 843-2000.pdf