IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-169 T
(Chief Judge Damich)

DAVID SUNSHINE,

Plaintiff

v.

THE UNITED STATES,

Defendant

ANSWER

In answer to the complaint, defendant denies each and every allegation in the complaint that is not admitted below.

Defendant further:

1. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 regarding the citizenship of plaintiff David Sunshine and admits the remaining allegations in paragraph 1.

2. Admits the allegation in paragraph 2.

3. Admits the allegations in paragraph 3 to the extent that this is an action under the Internal Revenue Code of 1986, as amended, for the recovery of tax penalties and related interest, and denies the allegation in paragraph 3 that the penalties were erroneously and illegally assessed and collected from the plaintiff.

4. States that the jurisdiction of this Court over plaintiff's suit, to the extent it exists, is

conferred by 28 U.S.C. § 1491(a)(1).

5. Admits the allegations in paragraph 5 to the extent that the Internal Revenue Service ("IRS") applied a portion of plaintiff's income tax overpayment from the year 2000 to the amount of unpaid federal employment taxes; states that the records for the IRS indicate that the IRS transferred an overpayment in the amount of $13,103.79 from plaintiff's taxable year 2000 to satisfy a portion of the assessed penalty for the period ending September 30, 1999, and transferred an overpayment in the amount of $16,530.94 from plaintiff's taxable year 2000 to satisfy a portion of the assessed penalty for the period ending December 31, 1999.

6. Admits the allegations in paragraph 6.

7. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding the date the claim for refund was filed and admits the remaining allegations in paragraph 7.

8. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Admits the allegations in paragraph 9.

10-12. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10 through 12.

13. Admits the allegations in paragraph 13.

14. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Admits the allegations in paragraph 15.

16-27. States that its attorneys lack knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraphs 16 through 27.

28-30. States that the allegations in paragraphs 28 through 30 constitute legal argument to which no response is required.

31. Admits the allegations in paragraph 31.

32. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Admits the allegations in paragraph 33.

34. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. States that the allegations in paragraph 35 constitute legal argument to which no response is required.

36-37. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36 and 37.

38-39. States that the allegations in paragraphs 38 and 39 constitute legal argument to which no response is required.

40-43. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 40 through 43.

44. States that the allegations in paragraph 44 constitute legal argument to which no response is required.

45. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46-47. States that the allegations in paragraphs 46 and 47 constitute legal argument to

which no response is required.

48-52. Denies the allegations in paragraphs 48 through 52.

53-54. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 53 and 54.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against plaintiff.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
ROBERT J. HIGGINS
Senior Trial Attorney

s/Robert J. Higgins
Of Counsel

May 1, 2006